UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UDR TEXAS PROPERTIES LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>NICOLE ROMAN,<br><br>    Defendant. | Case No. 16-cv-01663-JSC<br><br>**ORDER REASSIGING CASE; REPORT AND RECOMMENDATION FOR REMAND**<br><br>Re: Dkt. Nos. 1, 2 |

Plaintiff brought this state-law unlawful detainer action against Defendants in the Superior Court of California for the County of San Mateo seeking to evict Defendants from real property located in San Mateo. Defendant Nicole Roman, representing herself, subsequently removed the case to federal court. Given the lack of subject matter jurisdiction appearing on the face of the Complaint, the Court ordered Roman to show cause ("OSC") as to why this case should not be remanded. (Dkt. No. 4.) Although ordered to respond to the OSC by April 29, 2016, Roman has failed to do so.

As the parties have neither consented to nor declined the undersigned magistrate judge's jurisdiction, the Clerk of the Court is ordered to REASSIGN this action to a district court judge. For the reasons explained below, this Court recommends that the case be REMANDED.

**BACKGROUND**

Plaintiff UDR Texas Properties, LLC ("Plaintiff") initiated this residential unlawful detainer action in San Mateo County Superior Court on January 28, 2016. (Dkt. No. 1 at 12.) The

complaint alleges that Defendant Roman lives at the subject property located at 3204 Casa De Campo Way #2, San Mateo, CA 94403 and failed to pay Plaintiff $2,786.00 in rent due on the first of the month as agreed to by the parties. (*Id.*) Plaintiff further alleges that Defendant Roman has failed to pay rent despite being served with a 3-day Notice to Pay or Quit on January 5, 2016. (*Id.* at 13.) Plaintiff now seeks possession of the property and costs incurred including past due rent, damages, and attorney's fees. (*Id.* at 15.)

**DISCUSSION**

A defendant may remove an action from state court to federal court so long as the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Federal subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) requires complete diversity of citizenship and an amount in controversy in excess of $75,000. Federal subject matter jurisdiction under 28 U.S.C. § 1331 requires a civil action to arise under the constitution, laws, or treaties of the United States. A claim "arises under" federal law only if a "well-pleaded complaint" alleges a cause of action based on federal law—"an actual or anticipated defense" does not confer federal jurisdiction. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). The defendant seeking removal "bears the burden of establishing that removal is proper" and the "removal statute is strictly construed against removal jurisdiction." *Provincial Gov't of Marinduque v. Placer Dome, Inc.,* 582 F.3d 1083, 1087 (9th Cir. 2009). Further, when a case is removed to federal court, the court has an independent obligation to satisfy itself that it has federal subject matter jurisdiction. *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1116 (9th Cir. 2004). A case removed to federal court must be remanded back to state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

Here, Defendant Roman alleges that removal is proper under the federal question statute, but the removed complaint only makes a state-law claim for unlawful detainer. The Notice of Removal states that Plaintiff violated the Protecting Tenants at Foreclosure Act ("PTFA") by failing to provide proper notice; however, even if Roman has a valid counterclaim for a PTFA violation, a counterclaim cannot provide a basis for federal question jurisdiction. *See Bank of New York v. Guevara–Martinez*, No. C–11–5474 CW, 2012 WL 50077 (N.D. Cal. Jan. 9, 2012)

(holding that because the only possible federal issue involved would be a defense under the PTFA, federal question jurisdiction is lacking); *Aurora Loan Services LLC v. Jessie Torres*, No. C–11–3061 EJD, 2011 WL 4551458 (N.D. Cal. Sept. 30, 2011) (noting that other courts considering this issue came to the same conclusion). Thus, a defense under the PTFA cannot establish a basis for federal jurisdiction. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("[I]t is now settled law that a case may *not* be removed to federal court on the basis of a federal defense[.]") (emphasis in original). Therefore, the Court does not have subject matter jurisdiction over this action based upon the PTFA.

Further, although the Notice of Removal does not allege jurisdiction based on diversity, the Court notes that such jurisdiction does not exist in this case. Plaintiff's unlawful detainer action was filed in superior court as a "limited" civil case amounting to less than $10,000 in controversy. (*See* Dkt. No. 1 at 12 (superior court complaint for unlawful detainer pursuant to Cal. Code of Civil Procedure § 1161a).) As such, the amount in controversy does not meet the jurisdictional threshold of $75,000.00 for diversity jurisdiction. 28 U.S.C. §§ 1441(b) & 1332(a). In addition, only non-resident defendants can effect removal based on diversity jurisdiction. *See* 28 U.S.C. § 1441(b); *Spencer v. U.S. Dist. Ct. for Northern Dist. (Altec Indus., Inc.)*, 393 F.3d 86, 87 (9th Cir. 2004). Once any "local defendant (a citizen of the forum state) has been served, the action cannot be removed by that defendant, or by any other defendant." *Republic W. Ins. Co. v. Int'l Ins. Co.*, 765 F. Supp. 628, 629 (N.D. Cal. 1991) (internal quotation marks omitted). Here, the complaint alleges that Defendant Roman resides at the subject property located in San Mateo, California, and is therefore a citizen of California. (Dkt. No. 1 at 12.) As Defendant Roman is a "local" defendant, removal is improper on this basis as well.

## CONCLUSION

Based on the foregoing, this Court RECOMMENDS that the newly assigned district court judge REMAND this action to Superior Court of California for the County of San Mateo.

Any party may file objections to this report and recommendation with the district court judge within fourteen days after being served with a copy. *See* 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b); Civil L.R. 72-3. Failure to file objections within the specified time may waive the

3

right to appeal the district court's ultimate Order.

**IT IS SO ORDERED.**

Dated: May 3, 2016

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UDR TEXAS PROPERTIES LLC,

    Plaintiff,

  v.

NICOLE ROMAN,

    Defendant.

Case No. 16-cv-01663-JSC

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 3, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Nicole Roman
3204 Casa De Camp Way #2
San Mateo, CA 94403

Dated: May 3, 2016

Susan Y. Soong
Clerk, United States District Court

By:_____
Ada Means, Deputy Clerk to the
Honorable JACQUELINE SCOTT CORLEY

5